# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2085

_____

United States of America

*Plaintiff - Appellee*

v.

Brian D. Couch

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 12, 2021
Filed: May 26, 2021
[Unpublished]

_____

Before KELLY, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Brian Couch was arrested by police during an area search for prowlers in Independence, Missouri. When two officers tried to handcuff him, he tried to get away. This set off a struggle between Couch and the officers, and all three ended up fighting on the ground. Couch reached for a revolver in his jacket, and when one officer noticed the gun, he told the other officer to render Couch unconscious, then

took the gun out of Couch's jacket and tossed it away. Couch was briefly knocked out by a neck restraint and was arrested.

Couch was charged with being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and pleaded guilty. At sentencing, the district court[1] applied the six-level sentencing enhancement for assaulting a police officer in the course of the offense in a manner creating a substantial risk of serious bodily injury. U.S.S.G. § 3A1.2(c)(1). The court found that Couch had assaulted police officers by trying to pull the loaded gun out of his jacket and use it against the officers. Couch objected, arguing that the record did not support the inference that he was attempting to assault the officers. The court disagreed and overruled his objection.

Couch raises the same argument on appeal. He says no record evidence supports the district court's inference that he reached for his gun to threaten officers. He also says that the Government never proved his intent to commit assault and that he really intended to throw the gun away.

Findings about a defendant's intent are reviewed for clear error. United States v. Olson, 646 F.3d 569, 574 (8th Cir. 2011). A district court's finding of fact is not clearly erroneous if it is plausible in light of the record viewed in its entirety. United States v. Roggeman, 279 F.3d 573, 581 (8th Cir. 2002).

We see no clear error in the district court's fact-finding. Couch resisted being handcuffed, struggled violently on the ground, and reached for a gun during the fight. The district court inferred that "based on the context of the evidence . . . [,] he was trying to get to [the gun] to use it against the officers." Sent. Tr. at 11–12. That inference was plausible in light of the evidence showing that Couch was violently fighting with the officers at the same time that he tried to pull out the gun.

---

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

We have affirmed the district court's application of the U.S.S.G. § 3A1.2(c)(1) sentencing enhancement several times in circumstances like these. See United States v. Hill, 583 F.3d 1075, 1079–80 (8th Cir. 2009); see also Olson, 646 F.3d at 574. We follow those cases here.

The judgment of the district court is AFFIRMED.

_____